UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
In the Matter of the Application of
225 NORTHPORT, LLC,                                          Case No. 2:24-cv-02967
                                                              (NJC) (ARL)
                               Petitioner/Plaintiff,

For a Judgment pursuant to CPLR Article 78 and for
Other Relief

      -against-

DAMON McMULLEN, JEREMY MALINE,
THOMAS J. KEHOE, MERCY SMITH,
IAN MILLIGAN, THE NORTHPORT VILLAGE
BOARD OF TRUSTEES, DONALD TESORIERO,
THE VILLAGE OF NORTHPORT, and
TIMOTHY BROJER,

                               Respondents/Defendants.
-----------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## TIMOTHY BROJER'S MOTION TO DISMISS


                                           L'ABBATE, BALKAN, COLAVITA
                                           & CONTINI, L.L.P.
                                           *Attorneys for Respondent/Defendant*
                                           *Timothy Brojer*
                                           3 Huntington Quadrangle, Suite 102S
                                           Melville, New York  11747
                                           (516) 837-7365

Of Counsel:
*Amy M. Monahan, Esq.*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .................................................. 1

LEGAL STANDARD ................................................................................................................ 5

ARGUMENT .............................................................................................................................. 6

POINT I ...................................................................................................................................... 6

       THE SAC IS UNTIMELY AS AGAINST BROJER ........................................................ 6

       A.    The Three Year Statute of Limitations Expired Before the
            Claim was Brought Against Brojer ...................................................................... 6

       B.    Plaintiff Has Not Pled Any Other Cause of Action Against
            Brojer ................................................................................................................... 8

POINT II .................................................................................................................................... 11

       PLAINTIFF HAS NOT STATED A CLAIM PLAUSIBLE ON ITS
       FACE AGAINST BROJER ............................................................................................ 11

       A.    Plaintiff Has Not Pled a 42 U.S.C. § 1983 Claim Against Brojer ..................... 11

       B.    Plaintiff Has Not Pled Any Other Cause of Action Against Brojer .................. 13

       C.    Plaintiff has not Pled that Brojer Violated its Constitutional Rights ................. 14

CONCLUSION ......................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                            **Page(s)**

Ashcroft v. Iqbal,
    129 S.Ct. 1937, 556 U.S. 662 (2009) ........................................................................... 5

Barnes v. City of New York,
    68 F.4th 123 (2d Cir. 2023) ......................................................................................... 6

Bell Atlantic v. Twombly, S.Ct. 1955,
    550 U.S. 544 (2007) ..................................................................................................... 5

Bower Assocs. v. Town of Pleasant Valley,
    304 A.D.2d 259, 761 N.Y.S.2d 64 (2d Dep't 2003) ................................................... 12

Brunero v. City of N.Y. Dept. of Parks & Recreation,
    121 A.D.3d 624, 995 N.Y.S.2d 569 (1st Dep't 2014) ............................................... 10

Buran v. Coupal, 87 N.Y.2d 173, 638 N.Y.S.2d 405 (N.Y. Ct. App. 1995) ............................. 9, 10

Castanza v. Town of Brookhaven,
    700 F.Supp.2d 277 (E.D.N.Y. 2010) ........................................................................ 12

Cornwell v. v. Robinson,
    23 F.3d 694 (2d Cir. 1994) ......................................................................................... 6

Fischer,
    738 F.3d 509 (2d Cir. 2013) ....................................................................................... 6

Higgins v. City of New York,
    144 A.D.3d 511, 43 N.Y.S.3d 1 (1st Dep't 2016) ....................................... 6, 9, 10, 11

Highview Properties D.H.F. Inc. v. Town of Monroe,
    606 F. Supp. 3d 5–27 (S.D.N.Y. 2022) ..................................................................... 14

Martinetti v. Mangan,
    No. 17-CV-5484 (KMK), 2019 U.S. Dist. LEXIS 45320 (S.D.N.Y. Mar. 19, 2019 ............... 12

Matter of Nemeth v. K-Tooling,
    40 N.Y.3d 405, 201 N.Y.S.3d 323 (N.Y. Ct. App. 2023) ........................................... 9

Mercer v. 203 E. 72nd St. Corp.,
    300 A.D.2d 105 ......................................................................................................... 10

Mondello v. New York Blood Ctr.,
    80 N.Y.2d 219, 590 N.Y.S.2d 19 (N.Y. Ct. App. 1992) ........................................... 10

Montalvo v. Madjek, Inc.,
    131 A.D.3d 678, 15 N.Y.S.3d 471 ................................................................................... 11

Monell v. Dep't of Soc. Servs. of New York City
    Monell v. Dep't of Soc. Servs. of New York City, 436 U.S. 658, 98 S.Ct. 2018 (1978) ........ 12

Patrick v. Comprehensive Med. Supply, LLC,
    225 A.D.3d 777, 207 N.Y.S.3d 610 (2d Dep't 2024) ............................................................ 10

Pearl v. City of Long Island Beach, 296 F.3d 76, 80-81 (2d Cir. 2002) .........................................6

Phillips v. Cty of Orange,
    894 F.Supp.2d 345, n.35 ...................................................................................................... 12

Santos v. N.Y. City,
    847 F.Supp.2d 573 (S.D.N.Y. 2012) .................................................................................... 13

Veal v. Geraci,
    23 F.3d 722 (2d Cir. 1994) ..................................................................................................... 6

Vill. of Belle Terre v. Boraas,
    416 U.S. 1 (1974) ............................................................................................................ 11-12

Whalen v. County of Fulton,
    126 F.3d 400 (2d Cir. 1997) ................................................................................................. 12

Whidbee v. Benjamin
    No. 23 Civ. 2371 (NSR), 2024 U.S. Dist. LEXIS 81868 at * 5-6
    (S.D.N.Y. May 6, 2024) ....................................................................................................... 12

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ passim

CPLR 203 .................................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................... passim

**PRELIMINARY STATEMENT**

Respondent/Defendant Timothy Brojer ("Brojer") respectfully submits this memorandum of law in support of his motion for an Order: (i) pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the Seventh Cause of Action set forth in the Second Amended Complaint (the "SAC") against him with prejudice; (ii) pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the entire SAC against him with prejudice; and (iii) for such other, further, and different relief as this Honorable Court may deem just, proper, and equitable.

For the reasons set forth below, and in the accompanying Declaration of Amy M. Monahan, Esq., dated September 26, 2024 ("Monahan Dec."), and the exhibits annexed thereto, Brojer's motion should be granted in its entirety. Simply put, the claim(s) against Brojer are time-barred. Moreover, Plaintiff has failed to set forth well-pled facts to support a claim against Brojer, requiring dismissal, even if the Court finds the action is timely.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Petitioner/Plaintiff, 225 Northport LLC (hereinafter "Plaintiff") initially commenced this action on August 3, 2020 in the Supreme Court of the State of New York, County of Suffolk, against Respondents/Defendants DAMON McMULLEN, JEREMY MALINE, THOMAS J. KEHOE, MERCY SMITH, IAN MILLIGAN, THE NORTHPORT VILLAGE BOARD OF TRUSTEES, DONALD TESORIERO AND THE VILLAGE OF NORTHPORT (collectively the "Village Defendants") over its dissatisfaction with the Building Permit fee it was required to pay to the Village of Northport in connection with the demolition of an existing structure and construction of a hotel and restaurant located on Main Street in the Village of Northport (the

1

"Northport Hotel").  A copy of the initial Petition and Verified Compliant (hereinafter "OC") is annexed to the September 26, 2024 Declaration in Support of Amy M. Monahan (Monahan Decl. as Exhibit "A").

The Building Permit was issued in or about January or February of 2020 and Plaintiff paid the Building Permit Fee in in February 2020 (see Exhibit A at ¶ 9, referencing Exhibit 1 to the OC).  The Building Permit allowed Plaintiff to construct a new three story 24-Room Hotel/Inn and a 5,660 square foot accessory use restaurant.

In the OC, Plaintiff sought relief pursuant to CPLR Article 78 to vacate, annul or to set aside the Northport Village Building Department's Building Permit fee, alleging as it was improperly calculated, or that said sum is excessive and constitutes an unlawful tax (see Monahan Decl., Ex. A).  In the OC, the Plaintiff asserted Six Causes of Action against the Village Defendants: CPLR Article 78; unjust enrichment; money had and received; return of an unlawful tax; declaratory relief; and incidental damages (see Monahan Decl., Ex. A).  There was no claim against Brojer, he was not named as a party to the complaint, although there were passing references to him in the pleading.  Thus, Plaintiff was obviously aware of Brojer at the time it commenced the action against the Village Defendants.

Thereafter, Plaintiff filed an Amended Petition and Verified Complaint (hereinafter "AC") in State Court on October 21, 2020, adding additional allegations against the Village Defendants and annexing various exhibits.  A copy of the AC is annexed to the Monahan Decl. as Exhibit "B."  Again, Plaintiff did not add Brojer as a party defendant and did not assert any of the six causes of action against him.

2

For the sake of brevity Brojer refers the Court to the Statement of Facts set forth in the Village Defendants' memorandum of law in support of their motion to dismiss the § 1983 claim (Doc. No. 16) and the June 25, 2024 Declaration of Lorin A. Donnelly, Esq. and the exhibits annexed thereto detailing the history of the development and construction of the Northport Hotel (Doc. 15 and Exhibits A-N attached thereto). I incorporate them by reference herein.

As set forth in the Donnelly Decl., the Planning Board adopted a Resolution approving of the minor proposed modifications to the Site Plan *at the request of the Plaintiff*, on or about July 14, 2022 (See Doc. 15, ¶ 10, e and at Ex. J). A Temporary Certificate of Occupancy (the "TCO") for a new three-story 26 room hotel with a 5542 square foot accessory use restaurant was issued on July 27, 2023. See Doc. 15, at Exhibit "K.").

On November 27, 2023, Plaintiff moved in the State Court for leave to amend the AC and for permission to file the Second Amended Complaint1 (the "SAC").[1] A copy of the SAC is annexed to the Monahan Decl. as Exhibit "E." The Village Defendants opposed the motion and cross-moved for a protective order.[2] Reply papers were submitted with respect to the motion by Plaintiff for leave to amend on or about March 5, 2024.[3] On March 21, 2024, the state court issued a one-page Order granting Plaintiff leave to amend the Amended Complaint and denied

---

[1] See 225 Northport, LLC v. Damon McMullen, et. al., Suffolk County Index No. 609945/2020, New York State Courts Electronic Filing System ("NYSCEF") at Doc. Nos. 212-220.

[2] See Northport, LLC v. Damon McMullen, et al., Suffolk County Index No. 609945/2020, at NYSCEF Doc. Nos. 225-285.

[3] See 225 Northport, LLC v. Damon McMullen, et. al., Suffolk County Index No. 609945/2020, at NYSCEF Doc. No. 287.

the cross-motion for a protective order.[4]  See Donnelly Dec. at Exhibits "C" and "D", Doc. No. 15 and Exhibits

In the SAC, Plaintiff asserted an entirely new theory of liability in a new Seventh Cause of Action based upon 42 U.S.C. § 1983 (see Monahan Decl., Ex. "E").  Plaintiff alleged that the Village Defendants and Brojer, who for the first time was added as a party, violated the First, Fifth, and Fourteenth Amendments (see Monahan Decl., Ex. "E").  The SAC alleges that the Defendants interfered with Plaintiff's constitutionally protected rights in imposing "illegal and excessive fees," imposed "irrational and illegal pre-conditions and limitations on permits, approvals, and the issuance of a Certificate of Occupancy;" imposed an "illegal and discriminatory limitation on the number of seats allowed" in Plaintiff's restaurant; and "discriminatorily required" Plaintiff "to incur completely unnecessary costs in connection with municipal approvals."  (see Monahan Decl., Ex. "E" at ¶ 94).

In the SAC, Plaintiff also alleged it was and is being discriminated against in part because its restaurant will compete with other restaurants in the VILLAGE and that "on information and belief" unidentified Village officials had ownership or other interests in those other restaurants and who were political supporters of Village officials and Board members. (Monahan Decl., Ex. "E" at ¶99). Plaintiff further alleges that it was discriminated against in retaliation for Plaintiff's exercised its First Amendment right to petition the courts (Monahan Decl., Ex. "E" at ¶100).  The SAC also alleges that the treatment was discriminatory and resulted in disparate treatment of

---

[4] See 225 Northport, LLC v. Damon McMullen, et. al., Suffolk County Index No. 609945/2020, at NYSCEF Doc. No. 290.

Plaintiff compared to other similarly situated property owners in the Village. (Monahan Decl., Ex. "E" at ¶103).

Plaintiff alleges that Brojer is the **former** Village Administrator (Monahan Decl., Ex. "E" at ¶ 8). All of the acts alleged as against Brojer occurred while he was an employee of the Village of Northport. Critically, Plaintiff concedes that Brojer reigned from his employment with Northport Village in early September 2019 (Monahan Decl., Ex. "E" at ¶ 96).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 556 U.S. 662, 678 (2009) quoting Bell Atlantic v. Twombly, 127, S.Ct. 1955, 1974, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Here, the SAC on its face is untimely. Moreover, Plaintiff has failed to set forth sufficient factual matter to state a claim for relief against Brojer that is plausible on its face. Instead, Plaintiff's SAC is rife with labels and conclusions and nothing but a formulaic recitation of the 1983 claim (and no allegations at all against Brojer with respect to the other causes of action).

5

# ARGUMENT

# POINT I

# THE SAC IS UNTIMELY AS AGAINST BROJER

**A.   The Three Year Statute of Limitations Expired Before the Claim was Brought Against Brojer**

A review of the SAC confirms that the only cause of action asserted against Brojer is the newly added cause of action brought for alleged violation of 42 U.S.C. § 1983 (see Monahan Decl., Ex. "E", ¶¶ 90-112). The § 1983 claim against Brojer is time-barred, under the three year statute of limitations. The latest date that a claim against Brojer could have accrued is September 3, 2019 when Brojer resigned his employment as Village Administrator.[5]

It is well settled that the statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is determined by state law, but federal law governs when the statute of limitations begins to run. Barnes v. City of New York, 68 F.4th 123, 127 (2d Cir. 2023). Claims brought under §1983 typically accrue "when the plaintiff knows or has reason to know of the injury which is the basis of" the action. Id., quoting Pearl v. City of Long Island Beach, 296 F.3d 76, 80-81 (2d Cir. 2002). In New York, §1983 claims are subject to a three year statute of limitations. Barnes, 68 F.4th at 127, citing Hogan v.. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); Cornwell v. v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994); see also Higgins v. City of New York, 144 A.D.3d 511, 43 N.Y.S.3d 1 (1st Dep't 2016) citing Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994).

---

[5] See 225 Northport, LLC v. Damon McMullen, et. al., Suffolk County Index No. 609945/2020, New York State Courts Electronic Filing System ("NYSCEF") at Doc. No. 252.

The § 1983 is the only claim asserted against Brojer (See Ex. "E", ¶¶ 88-110). The claim is premised on the alleged interference with Plaintiff's constitutionally protected rights including imposing an illegal and excessive Building Permit fee in January or February of 2020; imposing irrational and illegal pre-conditions and limitations on permits, approvals and issuance of Certificate of Occupancy, imposing illegal and discriminatory limitations on the number of seats allowed in the restaurant; and requiring Plaintiff to incur unnecessary costs in connection with municipal approval. Putting aside the fact that Plaintiff has not and cannot plausibly allege that Brojer had any decision-making authority, all of the alleged damages occurred either after Brojer's employment ended or more than three years before the Complaint was interposed against him. Plaintiff alleges that the last alleged damage, the "excessive" Building Permit fee, was paid in February 2020. Thus, even if that fee could be attributed to Brojer, which it cannot, the claim against him is not timely since the motion for leave to amend was not made in the Supreme Court action until November 27, 2023. Moreover, the decision granting Plaintiff's motion for leave to amend declared that the claims were interposed as of the date of the decision, March 21, 2024.

The pertinent events upon with the claim is alleged all occurred well before the initial complaint was filed. The Site Plan application was received by the Village on October 25, 2017 (see Donnelly Decl., at Exhibit "I", Doc. 15-9). A resolution granting preliminary site plan approval was passed by the Planning Board on February 26, 2019 (see Donnelly Decl., at Exhibit "I", Doc. 15-9). Finally, the Resolution setting forth Planning Board approval of the Preliminary Site Plan and granting Final Site Plan Approval was passed March 25, 2019 (see Donnelly Decl., at Exhibit "I", Doc. 15-9). The Demolition Permit was issued September 25, 2019 (see 225 Northport, LLC v. Damon McMullen, et. al., Suffolk County Index No.

609945/2020, New York State Courts Electronic Filing System ("NYSCEF") at NYSCEF Doc. No. 31). Since the injury Plaintiff alleges relates in part to the alleged delay and events surrounding the approval of its project, Plaintiff knew or had reason to know of its alleged injury caused by the purported delays no later than the date it received and/or the Building Permit fee in February 2020.

Plaintiff moved to amend the amended petition in State Supreme Court by Notice of Motion filed November 27, 2023. Thus, claim, as against Brojer, is deemed interposed at the earlies as of November 27, 2023, well more than three years after his September 2019 resignation or the February 2020 payment of the Building Permit fee. Under the three year statute of limitations, any claim that accrued before November 27, 2020 is untimely. Even if the New York Executive Orders issued by then-Governor Cuomo are applied to toll the statute of limitations, the claim is still not timely as against Brojer.

If began to run and not expire before March 20, 2020 add 228 days. Even with the toll, for the claim that was brought on November 27,2 023, if 228 days is added, the claim would accrue still be untimely whether the date is calculated from the filing of the motion for leave to amend (November 27, 2023) or the date the State Supreme Court issued the Order granting Plaintiff leave to amend (March 21, 2024).

**B.      The Claim Against Brojer Does Not Relate Back**

The § 1983 claim, the only claim asserted against Brojer, does not relate back to the causes of action in the IC, the AC, or the SAC. CPLR § 203(f) allows a claim in an amended pleading to be deemed to have been interposed at the claim in the original pleading was interposed unless the original pleading does not give notice of the transactions, occurrences, or

8

series of transactions or occurrences to be proved pursuant to the amended pleading. CPLR § 204(f). Here, Brojer is a new party, having only been added in the second amended petition/complaint. The 42 U.S.C. § 1983 claim against Brojer, for alleged violations of Plaintiff's constitutional rights, does not relate back under CPLR § 203(c).

A new party may be joined as a defendant in a previously commenced action <u>after</u> the statute of limitations expired on the claims against him where the plaintiff establishes three criteria. <u>Higgins v. City of New York</u>, 144 A.D.3d 511- 512-13, 43 N.Y.S.3d 1 (1st Dept' 2016). "First, the plaintiff must show that the claims against the new defendants arise from the same conduct, transaction, or occurrence as the claims against the original defendants. Second, the plaintiff must show that the new defendants are "united in interest." [CPLR 203(c)] , with the original defendants, and will not suffer prejudice due to lack of notice. Third, the plaintiff must show that the new defendants knew or should have known that, but for the plaintiff's mistake, they would have been included as defendants." <u>Id</u>. Here, Plaintiff cannot establish these three criteria.

The relation back doctrine allows a party to correct a pleading error to add a new claim or new party after the statute of limitations has expired. <u>Buran v. Coupal</u>, 87 N.Y.2d 173, 177-78, 638 N.Y.S.2d 405 (N.Y. Ct. App. 1995); <u>see also</u> <u>Matter of Nemeth v. K-Tooling</u>, 40 N.Y.3d 405, 201 N.Y.S.3d 323 (N.Y. Ct. App. 2023). The doctrine focuses on the notice and prejudice to the added party. However, the doctrine does not apply when a plaintiff "intentionally decides not to assert a claim against a party known to be potentially liable" or when the new party was omitted "to obtain a tactical advantage in the litigation." <u>Matter of Nemeth</u>, 40 N.Y.3d at 407, 201 N.Y.S.3d at 326, quoting <u>Buran</u>, 87 N.Y.2d at 181. These exceptions minimize gamesmanship

9

and manipulation of the CPLR.  Matter of Nemeth, 40 N.Y.3d at 407, 201 N.Y.S.3d at 326, quoting Buran, 87 N.Y.2d at 181.

The doctrine applies when the party knew or should have known that, but for the mistake—be it a simple oversight or a mistake of law (i.e., that the amending party failed to recognize the other party as a legally necessary party)—the non-amending party would have been named initially.  Matter of Nemeth, 40 N.Y.3d at 412, citing Buran at 87 N.Y.2d 180-181.  However, relation back does not apply when plaintiff intentionally decides not to assert a claim against a party know to be potentially liable or when omitted for tactical advantage in the litigation.  Id. at 408, quoting Buran v. Coupal, 87 N.Y.2d at 181.

Here, none of the three necessary elements exist.  The newly added § 1983 claims are for alleged violations of Plaintiff's constitution rights.  Brojer is not united in interest with the other defendants.  Finally, Plaintiff cannot show any mistake in not naming Brojer as a defendant in the initial complaint, doesn't even allege a mistake, and cannot show Brojer knew or should have known he would be a party but for a mistake by Plaintiff.

There is no unity of interest between Brojer and the other Defendants, who have been parties since 2020.  Unity of interest will not be found unless there is some relationship between the parties giving rise to vicarious liability.  Higgins (no vicarious liability for 1983 claims); Mondello v. New York Blood Ctr., 80 N.Y.2d 219, 226, 590 N.Y.S.2d 19, 23 (N.Y. Ct. App. 1992); Brunero v. City of N.Y. Dept. of Parks & Recreation, 121 A.D.3d 624, 626, 995 N.Y.S.2d 569, 570 (1st Dep't 2014).

Defendants are only united in interest when their interest is such that they stand or fall together. Patrick v. Comprehensive Med. Supply, LLC, 225 A.D.3d 777, 779, 207 N.Y.S.3d 610, 612 (2d Dep't 2024) (citations omitted).

Moreover, where there is a possibility the new defendant may have a defense unavailable to the original defendants, unity of interest fails. Higgins, citing Brunero, 121 A.D.3d at 625; Mercer v. 203 E. 72nd St. Corp., 300 A.D.2d 105, 751, N.Y.S.2d 457 (1st Dep't 2002); Montalvo v. Madjek, Inc., 131 A.D.3d 678, 680, 15 N.Y.S.3d 471, 472-73 (2d Dep't 2015).

For all of the foregoing reasons, Brojer is not united in interest with the other defendants with respect to the § 1983 claim (or any other causes of action which have not been pled against Brojer). Thus, the § 1983 claim does not relate back to the commencement of the action.

## POINT II

### PLAINTIFF HAS NOT STATED A CLAIM PLAUSIBLE ON ITS FACE AGAINST BROJER

**A.     Plaintiff Has Not Pled a 42 U.S.C. § 1983 Claim Against Brojer**

The SAC fails to state a 42 U.S.C. § 1983 claim against Brojer, upon which relief can be granted.

42 U.S.C. § 1983 provides, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983, upon which Plaintiffs depends, does not guarantee a person the right to bring a federal

11

suit for denial of due process in every proceeding in which he is denied a license or a permit. Vill. of Belle Terre v. Boraas, 416 U.S. 1, 13 (1974). A federal court 'should not... sit as a zoning board of appeals.' Id. 42 U.S.C. § 1983 is not simply an additional vehicle for land-use determinations. Bower Assocs. v. Town of Pleasant Valley, 304 A.D.2d 259, 263, 761 N.Y.S.2d 64, 68-9 (2d Dep't 2003), *aff'd,* 2 N.Y.3d 617 (2004).

To state a claim that a municipal actor has violated 42 U.S.C. § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States. Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

The claim alleged against Brojer appears to be based on actions allegedly taken during the course of his employment with the Village of Northport as the Village Administrator. Where Plaintiff brings claims against a municipal actor in his official capacity, Plaintiff must satisfy the pleading requirements of Monell v. Dep't of Soc. Servs. of New York City, 436 U.S. 658, 98 S.Ct. 2018 (1978). Thus, Plaintiff must "plead the existence of a municipal custom, policy, or practice which caused the deprivation of [its] constitutional rights." Whidbee v. Benjamin, No. 23 Civ. 2371 (NSR), 2024 U.S. Dist. LEXIS 81868 at * 5-6 (S.D.N.Y. May 6, 2024) quoting Martinetti v. Mangan, No. 17 Civ. 5484 (KMK), 2019 U.S. Dist. LEXIS 45320, 2019 WL1255955, at *8 (S.D.N.Y. Mar. 19, 2019). Here, Plaintiff has not done so.

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege the challenged conduct (1) was attributable to a person acting under color of state law and (2) deprived plaintiff of a right, privilege, or immunity secured by the Constitution of laws of the United States. Whalen v. County of Fulton, 126 F.3d 400, 405 (2d Cir. 1997). Official capacity claims are consistently dismissed as redundant in the Second Circuit. (See Castanza v. Town of

12

Brookhaven, 700 F.Supp.2d 277, 280 (E.D.N.Y. 2010); see also Phillips v. Cty of Orange, 894 F.Supp.2d 345, 384-85, n.35.  Thus, to the extent Plaintiff alleges a claim against Brojer, the former Northport Village Administrator, in his "official capacity," it must be dismissed as redundant of the § 1983 claim against the Village of Northport.  Brojer is not an official and is not subject to an official capacity claim.

The actions of subordinate employees do not alone constitute a custom or practice. Santos v. N.Y. City, 847 F.Supp.2d 573, 576 (S.D.N.Y. 2012).  The SAC fails to contain any allegations that Brojer was a policymaker or had decision-making authority.   Thus, Plaintiff has not stated a § 1983 claim against former Village Employee Brojer.

**B.**      **Plaintiff Has Not Pled Any Other Cause of Action Against Brojer**

The § 1983 is the only claim asserted against Brojer.  The first cause of action seeks a declaratory judgment pursuant to CPLR Article 78 in validating building permit fees or seeking review of building permit fees.  Putting aside the fact that Brojer was a Village Employee, not a Village official and had no authority to calculate fees, the Plaintiff alleges the building permit, and fee, were issued/changed/paid on February 4, 2020; Brojer resigned in September 2019. The second cause of action is for unjust enrichment and is alleged against the Village.  The third cause of action for money had and received is alleged against the Village.  The fourth and fifth causes of action for alleged unlawful tax are alleged against the Village.  The sixth cause of action is not asserted against any party, but related to the fist cause of action pursuant to Article 78, which is only asserted against the Village and Village Officials.   Thus, the entire complaint should be dismissed as against Brojer.

13

Even if the Court determines that the entire SAC is alleged against Broger, it must be dismissed with prejudice because it is time-barred, as set forth more fully above.

## C. Plaintiff has not Pled that Brojer Violated its Constitutional Rights

The SAC alleges that after this proceeding, the Defendants "adversely treated and discriminated against…Plaintiff in retaliation for…Plaintiff having exercised its First Amendment right to petition the courts." See Monahan Decl. at Exhibit "E" at ¶¶ 100, 108(d). Brojer's employment ended before Plaintiff commenced the action initially. Thus, there can be no claim against Brojer for alleged violation of Plaintff's First Amendment Rights and Plaintiff has not plausibly alleged any such claim.

With respect to the alleged violation of the Fourteenth Amendment, in the SAC, Plaintiff alleges in conclusory fashion that the Building Permit fee calculation violated his due process and equal protection rights (see Monahan Decl. at Ex. "E"). Since the Building Permit fee was not calculated by Brojer and was charged to Plaintiff and paid by Plaintiff well after Brojer's employment ended, Plaintiff has not stated a claim plausible on its face against Brojer.

With respect to the Fifth Amendment Claim, Plaintiff alleges it had a "vested property interest" both before and after the issuance of the Building Permits, and that the Defendants violated Plaintiff's rights to be free of exactions as guaranteed by the Fifth Amendment (see Monahan Decl, Ex. "E", at ¶¶ 94 and 108(c)).   Plaintiff has not plausibly alleged that Brojer violated its vested property interest or even that it had any such interest.

Finally, there is no basis for liability against Brojer.  Official capacity claims against individual town employees "represent only another way of pleading an action against" the town.

14

Highview Properties D.H.F. Inc. v. Town of Monroe, 606 F. Supp. 3d 5, 26–27 (S.D.N.Y. 2022) (dismissing claims against Town employees in their official capacity).

## CONCLUSION

Based upon the foregoing, Broger's motion to dismiss the Seventh Cause of Action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) should be granted in its entirety, the SAC should be dismissed against Brojer with prejudice in its entirety pursuant to Rule 12(b)(6), together with such other further and different relief as to the Court is just proper and equitable.

DATED:   Melville, New York
         September 26, 2024

                                    L'ABBATE, BALKAN, COLAVITA
                                    & CONTINI, L.L.P.

                            By:     Amy M. Monahan
                                    *Attorneys for Respondent/Defendant*
                                    *Timothy Brojer*
                                    3 Huntington Quadrangle, Suite 102S
                                    Melville, New York  11747
                                    (516) 837-7365