UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

225 Northport, LLC,

                  *Plaintiff,*

  -against-

Village of Northport, the Northport Village Board of Trustees, Damon McMullen, Jeremy Maline, Thomas Kehoe, Mercy Smith, Ian Milligan, Donald Tesoriero, and Timothy Brojer,

                  *Defendants.*

24-CV-2967 (ARR) (ARL)

**OPINION & ORDER**

ROSS, United States District Judge:

      This action arises out of plaintiff 225 Northport, LLC's efforts to develop and operate a hotel and restaurant, operated from a single structure (the "Building"), located in the Village of Northport (the "Village"). *See* Second Amended Complaint ("SAC"), ECF No. 1-6. Plaintiff moved to amend and file the SAC on November 27, 2023. Mot. to Amend, ECF No. 30-4. As relevant here, the SAC added Timothy Brojer as a new defendant to this litigation and added previously unasserted claims under 42 U.S.C. § 1983 against all defendants.

      Before me now is Mr. Brojer's motion to dismiss the § 1983 claims against him, which are the only causes of action asserted against him in the SAC. *See* Brojer's Mem. in Support ("Mot."), ECF No. 30-7; Pl.'s Mem. in Opp. ("Opp."), ECF No. 30-8; Brojer's Reply Mem. ("Reply"), ECF No. 30-9. Because I agree with Mr. Brojer that plaintiff's claims are untimely and do not relate back to its prior pleadings, I GRANT his motion to dismiss. Plaintiff is DENIED leave to amend.

1

# BACKGROUND[1]

On August 3, 2020, plaintiff commenced this action by filing a complaint in New York Supreme Court, Suffolk County. Notice of Petition (the "Original Complaint"), ECF No. 1-2. Plaintiff alleged various state law claims, all of which challenged the Village's Building Permit fee, as either improperly calculated, excessive, or as an unlawful tax. *See id*. On October 21, 2020, plaintiff amended the complaint to add additional allegations. *See* Amended Notice of Petition (the "First Amended Complaint" or "FAC"), ECF No. 1-4. However, plaintiff did not add any new causes of action. *Id*. Although both pleadings contain allegations of Mr. Brojer's misconduct, they did not name him as a defendant.

On November 27, 2023, plaintiff sought leave to amend the First Amended Complaint and for permission to file the Second Amended Complaint. The SAC newly asserted a claim under 42 U.S.C. § 1983, predicated upon violations of the First, Fifth, and Fourteenth Amendments. *See generally*, SAC. The SAC also added Mr. Brojer as a defendant, alleging that he was liable under § 1983 in his personal capacity. *Id*. On April 22, 2024, defendants removed this case to this district, citing this court's federal question jurisdiction. Notice of Removal, ECF No. 1.

As alleged in the SAC, Mr. Brojer was employed by the village and used his authority to delay and obstruct plaintiff's efforts to obtain site approval for its plans to construct a hotel and restaurant on the parcel of land located at 225 Main Street, Northport, NY. SAC ¶¶ 3–33. Although the SAC does not provide precise dates, it appears that Mr. Brojer's obstructive conduct ceased in the summer of 2019, when plaintiff and the village executed an agreement to outsource the site approval process to an outside firm. *Id*. ¶¶ 32–40. In any event, the parties

---

[1] I assume the parties' familiarity with the factual and procedural background of this case and incorporate by reference the factual and procedural background set forth in my prior order. *See* Order on MTD, ECF No. 31.

agree that Mr. Brojer resigned from his position in late 2019, and that plaintiff's § 1983 claims against him are premised on conduct that occurred before that date. *See* Opp. at 1.

## DISCUSSION

In his motion to dismiss, Mr. Brojer argues that plaintiff's newly asserted § 1983 claims against him are untimely. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (internal quotation marks omitted).

The statute of limitations claims for § 1983 claims are governed by "the statute of limitations for personal injury actions under state law," which in New York is three years. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Mr. Brojer was first named as a party to this litigation on November 27, 2023, when plaintiff moved to amend the First Amended Complaint. SAC ¶ 8; *see* Mot. at 8. Mr. Brojer argues that plaintiff's claims against him are untimely, as they accrued, at the latest, on February 2020, well over three years prior to plaintiff's motion to amend. Mot. at 7–8. Mr. Brojer further argues that plaintiff's claims are untimely even if plaintiff is entitled to New York's 228-day tolling of the statute of limitations due to COVID. *Id.*; *see also Miehle-Kellogg v. Cnty. of Suffolk*, No. 19-CV-04943, 2024 WL 5120017, at *10 (E.D.N.Y. Dec. 16, 2024) (noting that New York Executive Order 202.8 added 228 days to the otherwise applicable statute of limitations period for claims accruing before March 20, 2020). Mr. Brojer further argues that plaintiff's claims against him do not relate back to the prior pleadings. Mot. at 8–11.

Plaintiff does not contest Mr. Brojer's arguments regarding the accrual date of plaintiff's claims and the applicable statute of limitations. Thus, plaintiff concedes, by silence, that its claims against Mr. Brojer are untimely unless they relate back. *See In re AppHarvest Sec. Litig.*,

3

684 F. Supp. 3d 201, 255 (S.D.N.Y. 2023) ("Because Plaintiff do not oppose this argument in his opposition to Defendants' motion to dismiss, Plaintiff's silence concedes the point.") (collecting cases).

Rule 15 governs whether "an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Where, as here, an amended pleading seeks to add additional parties not named in prior pleadings, Rule 15 provides two avenues for relation back. First, an amended pleading relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Since the statute of limitations for § 1983 claims are governed by state law, *see Hogan v. Fischer*, 738 F.3d at 517, plaintiff's § 1983 claims relate back if permitted by New York's relation back rules. Second, when "the amendment changes the party or the naming of the party against whom a claim is asserted," the new party relates back if it "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

I.      **New York Law and Rule 15(c)(1)(A)**

New York law applies a three-part test to determine whether claims against later-added parties relate back to the commencement of the action. First, the claims against the original and added defendants must both arise "out of the same conduct, transaction, or occurrence." *Nemeth v. K-Tooling*, 40 N.Y.3d 405, 411 (2023) (alterations adopted and quotation marks omitted). Second, the new party must be "united in interest with the original defendant, and by reason of that relationship can be charged with such notice . . . of the action that they will not be prejudiced in maintaining their defense on the merits." *Id*. (alterations adopted and quotation marks

4

omitted). Third, the original pleading must give sufficient notice such that the new party "knew or should have known that, but for [a] mistake—be it a simple oversight or a mistake of law . . . [the] party would have been named initially." *Id*. at 412.

The third prong of New York's relation back doctrine requires plaintiff to establish that Mr. Broder "knew or should have known that, but for a mistake, []he would have been named as a respondent" in the prior pleadings. *Nemeth*, 40 N.Y.3d at 413. The mistake need not be "excusable" or "result[] from doubts regarding the omitted party's identity or status," and even a simple oversight may suffice. *Id*. at 410. Here, plaintiff contends that that the addition of Mr. Brojer corrects its "mistaken belief that complete and comprehensive legal relief against all legally culpable parties would be available via the original and first amended complaints." Opp. at 9. Plaintiff asserts that "the lawsuit throughout concerned his personal misconduct and identified him by name throughout," and therefore Mr. Brojer "knew or should have known it was a mistake not to have named him." *Id*.

Plaintiff's repeated assertions that Mr. Brojer knew or should have known of the *existence* of this lawsuit and its allegations are inapposite. The question is whether Mr. Brojer should have known that plaintiff intended *to name him as a party* to this litigation. *See Nemeth*, 40 N.Y.3d at 411–12 (describing "primary consideration" of relation back as "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as [they] are concerned" (quotation marks omitted)). Thus, even assuming that Mr. Brojer had "actual timely and specific knowledge of the original claims and allegations," Opp. at 1, plaintiff is not entitled to relation back unless those claims and allegations made clear that plaintiff had *mistakenly omitted* Mr. Brojer as a named party.

5

Although the New York standard is forgiving, plaintiff fails to meet it here. The original and first amended complaints asserted six causes of action, all of which were premised on the building permit fee charged to plaintiff. First, plaintiff claimed that Mr. Tesoriero had miscalculated the building permit fee, and therefore his collection of the fee was arbitrary and capricious. Plaintiff sought "[m]andamus to [c]ompel" Mr. Tesoriero "to act in accord with the Northport Code in the calculation and collection of the correct fee amount," or review of his "incorrect and unlawful methodology" used to calculate the fee. FAC ¶ 81; *see also* OC ¶ 29. The second, third, fourth, and fifth causes of action were asserted solely against the Village, alleging that its collection of the miscalculated fee amounted to: unjust enrichment, possession of money to which the Village had no lawful claim; and an unlawful tax disguised as a fee. OC ¶¶ 30–33; FAC ¶¶ 82–85. Finally, the sixth cause of action sought "incidental damages." OC ¶ 34; FAC ¶ 86.

Plaintiff's characterization of its mistake—its "mistaken belief and understanding that complete and comprehensive legal relief against all legally culpable parties would be available" under the original and first amended complaints—defeats relation back. Opp. at 9. Plaintiff offers no reason why Mr. Brojer would not also harbor the same belief as plaintiff, given that none of the causes of action asserted in the original and first amended complaints could have been asserted against him. Indeed, all of the causes of action asserted in the prior pleadings were premised solely on the unfair collection of the Building Permit fee, which was "miscalculated," collected, and retained by the Village. OC ¶¶ 29–34; FAC ¶¶ 81–86. The relief sought was a return of those fees, or a portion thereof, by the Village. *Id*. Finally, although the prior pleadings allege that Mr. Brojer "threatened" plaintiff that the building permit fee "would be excessive,"

6

OC ¶ 20; FAC ¶ 20, the pleadings did not allege that Mr. Brojer was ultimately involved in the calculation, collection, and retention of the fee.

As the New York Court of Appeals has explained, relation back applies only if the added party "could not have understood [its] omission to be anything other than an oversight" or mistake. *Nemeth*, 40 N.Y.3d at 414. Given the causes of action, factual allegations, and relief asserted in the original pleadings, plaintiff has failed to satisfy that standard. Mr. Brojer's misconduct was not "at the heart of the controversy" alleged in the prior pleadings, *id.* at 413, and instead was described as mere "history antedating the present matter," OC ¶¶ 17–20; FAC ¶¶ 7–27. Simply put, Mr. Brojer could not have anticipated that plaintiff would, three years after commencement of this litigation, assert new § 1983 claims against him premised on those background allegations, when every indication in the prior pleadings suggested that "complete and comprehensive legal relief against all legally culpable parties would be available" without his participation as a party to the litigation. Opp. at 9. Plaintiff's belated decision to expand the scope of its claims beyond mere calculation of the building permit fee, and to add a party (Mr. Brojer) who could not have been named as a defendant under the original causes of action, does not permit relation back.

## II.     Rule 15(c)(1)(C)

Plaintiff is plainly not entitled to relation back under Rule 15(c)(1)(C), as that rule permits plaintiffs to *replace* one party for another, but does not permit plaintiffs to add new parties. *See Mendez v. Kessler*, No. 23-CV-42, 2024 WL 1722723, at *3 (W.D.N.Y. Feb. 27, 2024) ("[Rule 15(c)(1)(C)] does not allow relation back where the plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable." (quotation marks omitted)); *Simmons v. Mason*, No. 17-CV-8886, 2019 WL 4525613, at *8 (S.D.N.Y. Sept.

7

18, 2019) ("Rule 15(c)(1)(C) is inapplicable, because the rule applies only where an amendment changes the party or the naming of the party against whom a claim is asserted—not where an amendment adds a previously unmentioned party." (quotation marks omitted)). Because the SAC seeks to add Mr. Brojer as a new party, rather than replacing an existing party due to a mistake as to the proper party's identity, Rule 15(c)(1)(C) does not permit relation back. *See Baker v. Powell*, No. 23-CV-1626, 2025 WL 2693629, at *5 (S.D.N.Y. Sept. 22, 2025) (observing that "courts in the Second Circuit have held that where . . . a plaintiff is seeking to add new parties, as opposed to replacing one party for another, Rule 15(c)(1)(C) is unavailable").

### III.   Leave to Amend

In sum, plaintiff's newly asserted claims against Mr. Brojer, which added him as a party to this litigation, do not relate back to its prior pleadings. The claims against Mr. Brojer were therefore interposed on November 27, 2023, when plaintiff moved to amend the First Amended Complaint to add Mr. Brojer as a defendant and to assert § 1983 claims against him. Mot. to Amend, ECF No. 30-4. As plaintiff concedes, its claims against Mr. Brojer accrued more than three years and two hundred and twenty eight days prior to November 27, 2023, and are therefore untimely absent relation back. I therefore GRANT Mr. Brojer's motion to dismiss the claims against him as untimely.

Plaintiff is DENIED leave to amend, as any amendment would be futile. "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015) (quotation marks omitted). Plaintiff cannot cure its failure to relate its claims against Mr. Brojer to its prior pleadings, as those pleadings simply did not provide sufficient notice to Mr. Brojer that plaintiff intended to name him as a party but had omitted him by mistake. Moreover, given plaintiff's admission that

8

Mr. Brojer left his employment with the Village in late 2019, plaintiff has provided no indication that it could allege subsequent acts by Mr. Brojer that would create liability within the statute of limitations.

## CONCLUSION

For the reasons set forth above, I GRANT Mr. Brojer's motion to dismiss and DENY plaintiff leave to amend.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:          October 2, 2025
                Brooklyn, New York