RCB L&R ROSENBERG CALICA BIRNEY LIEBMAN & ROSS LLP

400 Garden City Plaza, Suite 403, Garden City, New York 11530

**Edward M. Ross**
Partner
EMAIL ADDRESS: Ed@RosenbergLLP.com

TELEPHONE: (516) 747-7400 (Ext. 308)
FAX: (516) 747-7480

June 29, 2026

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court, EDNY
100 Federal Plaza
Central Islip, New York 11722

Re: *225 Northport, LLC v. Village of Northport*, 2:24-cv-02967 (GRB)(ARL)
**(Letter Motion for Discovery Sanction, to Compel Disclosure, and Permission to Reply)**

Dear Magistrate Judge Lindsay:

We are attorneys (together with our co-counsel Messrs. Curto and Stiene and their respective law firms) for Plaintiff 225 Northport LLC. Pursuant to FRCP 37, we respectfully submit this letter application: (1) for a discovery sanction against Defendants; and (2) an Order compelling Defendants to comply with discovery subject to Defendants' waiver of objections by virtue of their ***months-long*** failure to object to Plaintiff's Discovery Demands. In addition, because Defendants failed for months to articulate any good faith justification for their overt discovery violations—even *after* we repeatedly complained, *after* we particularized Defendants' ongoing violations, and even after we held a meeting and conferral with Defendants' counsel on June 25, 2026—we also respectfully request that: (3) Plaintiff be given permission to serve a reply letter in further support and in accordance with Your Honor's Individual Rule 2(A).

On January 28, 2026, Plaintiff duly served its First Set of Interrogatories, Requests for Admission, Document Demands, and a list of proposed ESI custodians and search terms. See **Exhibit A** (collectively, "Plaintiff's Discovery Demands"). Defendants failed to timely respond by the required February 28 deadline. We then wrote to Defendants' counsel as early as March 27, 2026, seeking a meeting and conferral, and reminding counsel that all objections had been waived. **Exhibit B**. On April 1st, we held a Teams conference with Defendants' lead counsel, Lorin Donnelly, during which she failed to resolve Defendants' blatant discovery violations other than to effectively state that she was working on it. Defendants' months-long stonewalling of discovery[1] has persisted ever since, and despite the fact that Defendants' dilatory letter motion to stay discovery did not entail or result in any interim stay of discovery. See ECF 49 & ECF 52.

On April 27th, the parties appeared before District Judge Brown, who denied Defendants' motion to dismiss as to every claim in the Third Amended Supplemented Complaint ("TASC"), except Defendants were allowed to seek dismissal of the Fifth Amendment Claim. Judge Brown *expressly* held that no stay of discovery will be permitted, and that even the time-barred claim regarding

[1] The Village's stonewalling of federal discovery is mirrored by the Village's simultaneous stonewalling of its FOIL obligations for over 6 months, which we addressed before Judge Brown (ECF 54-1 at 29-30).

"seating capacity" at Plaintiff's Hotel/Restaurant was directly and clearly relevant to the non-time-barred claims regarding Defendants' motives and malice. ECF 54 and 54-1. Judge Brown also *expressly* directed discovery to proceed broadly and uninterruptedly. ECF 54-1 at 41-42, 48.

On May 1st we *again* wrote to Defendants' counsel *again* objecting to Defendants' blatant and overt discovery violations, and *again* pointing out that objections were long-ago waived. When Defendants' counsel meagerly responded that responses would be forthcoming, we *again* emphasized that Defendants' dilatory behavior was unacceptable and that we neither accepted nor condoned Defendants' continuing discovery violations. **Exhibit C**.

Thereafter, and to-date, Defendants merely purported to serve untimely and deficient responses to some but not all of Plaintiff's Discovery Demands, while asserting objections which: (a) were already clearly waived; and/or (b) blatantly defy Judge Brown's *express* ruling. At the same time, Defendants have not even responded to Plaintiff's Interrogatories *at all*—despite their having been served without any interim stay of discovery ***more than 5 months ago***. To complete the timeline, on May 22nd, Defendants served palpably deficient Responses and Objections to the Document Demands and Requests for Admission (**Exhibit D**); on Monday, June 15th, we served a deficiency letter (**Exhibit E**); the next day, Defendants' counsel indicated she had no availability to discuss the matter until over a week later; and on June 25th, we held a meet and conferral, during which Defendants' counsel failed to offer any meaningful response other than to contend she would continue working on it and proposed to "respond" shortly, none of which is acceptable to Plaintiffs, and none of which should be acceptable to the Court.

Defendants' deliberate indifference and leisurely violations of their federal discovery obligations constitutes nothing less than knowing and deliberate discovery noncompliance. An Order compelling compliance with Plaintiff's Discovery Demands, and without asserting the waived objections, is thus warranted. See Silva v. Cofresi, 2014 WL 3809095, at *6 (S.D.N.Y. Aug. 1, 2014). Additionally, an Order imposing a discovery sanction in the form of attorneys' fees and extending the time for Plaintiff to conduct and complete depositions is warranted, id., particularly insofar as Plaintiff should not be penalized for *Defendants'* discovery violations.

**INTERROGATORIES.** It has been ***5 months*** since Plaintiff's Interrogatories were served, ***no response*** has been provided, and any purported objections have been waived, including as to any purported lack of relevancy or undue burden. FRCP 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure").

**DOCUMENT DEMANDS.** Defendant likewise failed to timely object to Plaintiff's Document Demands, and any purported objections were waived. Silva, supra. Similarly, because Defendants never objected to the list of ESI custodians or search terms, they should be barred from objecting now. Defendants' untimely and improper responses to the Document Demands have also failed to run the enumerated ESI search terms against the designated custodians, and Defendants should be ordered to do so without further delay. The number of emails produced is miniscule, and no text messages were produced. Defendants should be compelled to conduct the required ESI searches and provide a certification that the ESI searches were duly completed for each search term against each custodian's emails and texts, including emails and texts on the custodians' personal devices. Defendants should also be compelled to produce documents in response to every Document Demand and to certify that they have complied. As shown in our deficiency letter (**Exhibit E**),

Defendants produced many of the same documents numerous times, and their production is otherwise extremely limited and selective, omits numerous responsive documents, and as to many of the Document Demands which Defendants indicated they are producing documents, we have been unable to identify any responsive documents.

Defendants should also be specifically compelled to produce documents in response to Document Demands 4-10, 12, 19-28, and 36, as to which Defendants have speciously refused to produce anything. Defendants' contention that the discovery sought concerns claims that were dismissed as time-barred is ***frivolous*** (over and above being waived), particularly since Judge Brown ***expressly*** ruled those events are clearly and centrally relevant to the non-time-barred claims regarding the Village's past mistreatment of Plaintiff on the same project. Defendants' response to Document Demands 7 8, 9, 10, and 12, concerning the Amended Fee Law, is likewise baseless, especially since Plaintiff's sustained claims are *not* limited to an administrative appeal and because the discovery sought is indisputably relevant.

Defendants should also be compelled to produce all responsive documents not identified in their Privilege Log (**Exhibit D**), which only lists documents provided in redacted form (not a single responsive document was withheld in its entirely on asserted privilege grounds). In addition, Defendants should be compelled to substantiate their claim of privilege as to every listed communication that is not <u>from</u> or <u>to</u> attorneys representing Defendants. An attorney being cc'ed on an email does not constitute a basis for privilege. Defendants should also be compelled to substantiate every claim of deliberative process privilege, which is extremely limited, does not extend to "factual findings and conclusions," only extends to "predecisional" "deliberative" communications, and even then only on a qualified basis, with the "need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information." <u>Holloway v. City of New York</u>, 2025 WL 745991, at *5 (E.D.N.Y. Mar. 7, 2025). Moreover, "[i]n federal civil rights cases, misconduct records are presumptively relevant and discoverable." <u>Id</u>. Further, given Defendants' overt discovery violations and frivolous objections chronicled above, any withheld documents should be submitted to the Court for *in camera* review combined with a further opportunity for Plaintiff to be heard thereon.

<u>**REQUESTS FOR ADMISSION ("RFA").**</u> Given Defendants' deliberate ***3-month*** default in timely responding to the RFAs, the Court should direct that all Requests are deemed admitted. FRCP 36(3) ("*Time to Respond; Effect of Not Responding*"). In the alternative, the Court should direct that Defendants' responses to RFA Nos. 5, 6, 7, & 39-49, are deficient and must be substantively answered because the responses to RFA 5, 6, & 7 did not respond to the matters noticed to be admitted, and Defendants refused to admit or deny eleven of the RFA's (RFA Nos. 39-49), even though they all clearly pertain to matters centrally relevant to Plaintiff's claims in this lawsuit, including regarding the Village's past mistreatment of Plaintiff on the same project in accordance with Judge Brown's *express* ruling.

<u>**ATTORNEYS' FEES.**</u> Plaintiff is further entitled to recover its attorneys' fees, as a matter of law. <u>See</u> FRCP 37(b)(2)(C). We appreciate the Court's consideration.

Respectfully submitted,

Edward M. Ross

Exhibits
cc: All appearing counsel (via ECF)