**MMP&S**

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
ATTORNEYS AT LAW
1000 Woodbury Road Suite 402 Woodbury, NY 11797
Telephone: 516.712.4000 Fax: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

July 1, 2026

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-4451

*Re:* *225 Northport LLC v. The Village of Northport et. al.*
Case No.: 2:24-cv-02967(GRB)(ARL)
Our File No.: 67M-19233

Dear Magistrate Lindsay:

We represent defendants Village of Northport and the Northport Village Board of Trustees (collectively, the "Defendants"). We respectfully submit this letter in opposition to Plaintiff's letter motion for discovery sanction, to compel disclosure, permission to reply. Plaintiff's submission should be denied in its entirety.

Notably, Defendants have already produced over 6,600 pages of documents kept in the regular course and are in the process of supplementing the production with ESI and responding to the Interrogatories, asserting the appropriate objections. Pursuant to the Scheduling Order dated October 30, 2025, discovery is currently set to close on October 23, 2026, with a Final Conference scheduled for December 7, 2026. *See* ECF Dkt. No. 35. Discovery remains ongoing, with a Court-ordered deadline leaves ample time for completion. Plaintiff's discovery demands were served before Defendants' response to the Third Amended Complaint ("TAC") was even due during an active period of motion practice. In the interim, Defendants answered the Third Amended Complaint; moved to dismiss the Fifth Amendment takings claim; and moved to quash a subpoenas issued to Edward J. Gathman, Esq. and Stuart Besen Esq. Within 30 days of the Pre-motion Conference, where Judge Brown directed that discovery proceed, Defendants served a Response to the Demand for Production of Documents, and Response to Requests for Admissions. Plaintiff ignores this procedural posture entirely and instead attempts to recast a normal litigation process as "stonewalling."[1]

[1] Plaintiff's characterization of the parties' meet-and-confer efforts is misleading. The conference was not a genuine attempt to resolve the issues raised in Plaintiff's motion, but rather a perfunctory exercise conducted after Plaintiff had already determined that judicial intervention would be sought regardless of Defendants' responses. Rather than engaging in a meaningful dialogue aimed at narrowing or resolving disputed issues, Plaintiff's four attorneys largely reiterated predetermined positions and treated the conference as a procedural prerequisite to filing this motion. The Federal Rules contemplate a good-faith effort to resolve discovery disputes without court involvement; they do not endorse a meet-and-confer process undertaken merely as a facade to support a motion that was effectively preordained.

Plaintiff's demands concerning seating capacity are improper. The Court has already determined that the seating-related allegations arise from conduct occurring in or before February 2019 and are time-barred and do not relate back. Plaintiff nevertheless attempts to revive those claims through discovery. Seating capacity is also irrelevant to Plaintiff's remaining retaliation claim. A retaliation claim turns on protected activity, adverse action, and causation. The number of seats approved in 2019 has no bearing on those elements. Rule 26 limits discovery to matters relevant to a party's claims or defenses and proportional to the needs of the case. Allowing discovery to proceed with respect to claims that time-barred on the face of a plaintiff's complaint would constitute entertaining those claims. *See Sec. and Exch. Commn. v Cohen*, 332 F Supp 3d 575, 587 [EDNY 2018]. Plaintiff cannot use ongoing discovery to circumvent prior rulings. Accordingly, discovery concerning seating capacity should not be compelled.

Plaintiff's effort to obtain discovery into the Amended Fee law similarly exceeds the permissible scope of discovery and is irrelevant. Plaintiff's claims do not depend on the Village's internal legislative deliberations, draft materials, or policy discussions prior to the enactment of the Amended Fee law, but rather pertain to its application to the Plaintiff. Insofar as Plaintiff asserts unjust enrichment, unlawful tax, or incidental-damages theories, those claims concern the legal character and application of the fees, not the internal process by which an amended fee schedule was discussed or adopted. Accordingly, requests seeking discovery into the Amended Fee law would not prove or disprove any claim or defense, would improperly expand the case beyond the pleadings, and would impose disproportionate burdens on Defendants for collateral material that is not discoverable under Rule 26. Furthermore, where a claim is in the nature of Article 78 review, courts limit inquiry to the administrative record, without an evidentiary hearing, and discovery is not permitted. *See Rye Ridge Park, LLC v Vil. of Rye Brook*, 248 AD3d 926, 928 [2d Dept 2026]; and *Almaklani v Trump*, 444 F Supp 3d 425, 430 [EDNY 2020]. These requests should be denied.

Plaintiff's demand to compel "all responsive documents not identified" in Defendants' privilege log is based on a false premise. Defendants did not withhold any responsive documents in their entirety. All responsive documents were produced, with only privileged portions redacted. Rule 26 requires only that a party describe withheld material in a manner sufficient to assess the privilege claim. Fed. R. Civ. P. 26(b)(5)(A). Production of documents with redactions, accompanied by a privilege log, satisfies this requirement. If Plaintiff disputes specific redactions, it must challenge particular entries—not demand wholesale production based on speculation. Plaintiff's request thus seeks relief for a non-existent deficiency.

Plaintiff's contention that Defendants may not invoke the deliberative process privilege is incorrect. The privilege protects pre-decisional, deliberative communications reflecting governmental decision-making, including recommendations, draft documents, and advisory opinions. *See Tigue v U.S. Dept. of Justice*, 312 F3d 70, 76 [2d Cir 2002]. Defendants have asserted the privilege narrowly and only with respect to redacted portions identified on the log. Plaintiff offers no basis to overcome it.

Plaintiff's challenge to Defendants' RFA responses is without merit. Rule 36 expressly permits qualified responses where necessary. Courts in this Circuit recognize that where requests are vague, compound, or seek legal conclusions, qualified answers are appropriate. *See United States v Veeraswamy*, 347 FRD 591, 600 [EDNY 2024]. In fact, almost all Requests for

Admissions were "admitted." Defendants admitted what was true, clarified where necessary, and denied what was disputed. Rule 36 is designed to narrow issues, not to compel a party to adopt an adversary's framing. This Circuit has strong preference for resolving disputes on the merits" rather than by default. *See Icon Intl., Inc. v Elevation Health LLC*, 347 FRD 274, 294 [SDNY 2024].Plaintiff has shown no prejudice, particularly where discovery remains open until October 2026. Plaintiff's perceived delay, especially in light of the discovery deadline, is not prejudice. *Id.* at 295.

Plaintiff's request that the Court compel Defendants to withdraw all objections to their discovery responses should also be denied. The Federal Rules do not authorize blanket relief merely because the requesting party disagrees with objections asserted in response to requests for admission, document demands, or interrogatories. The proper inquiry is request-specific: Rule 36 permits the Court to determine the sufficiency of a particular answer or objection to a request for admission; Rule 34 requires objections to document requests to be stated with specificity and to identify whether responsive materials are being withheld on that basis; and Rule 33 requires interrogatory objections to state the grounds with specificity while permitting answers to the extent not objected to. Defendants' objections were asserted in good faith to discovery demands that were vague, compound, overbroad, disproportionate, sought irrelevant information, invaded privilege, or exceeded the proper scope of the applicable discovery device. A wholesale order compelling withdrawal of every objection would improperly bypass the Rules' request-by-request framework and convert ordinary discovery disputes into an unwarranted finding of waiver or misconduct. Because Plaintiff has not identified any specific deficient response warranting such extraordinary relief, and because discovery remains ongoing, Plaintiff's request to compel withdrawal of all objections should be denied.

Plaintiff's request for sanctions and attorneys' fees should be denied. Defendants have participated fully in discovery, produced substantial materials, asserted good-faith objections, and continue supplementation within the discovery period. Under Rule 37, fees are not appropriate where the responding party's position was substantially justified or where circumstances make an award unjust. *See Black Love Resists In the Rust by and through Soto v City of Buffalo, N.Y.*, 334 FRD 23, 35 [WDNY 2019]. Furthermore, there has been no violation of ***any*** Court order and no showing of bad faith. Sanctions require willful noncompliance or bad faith. *See Agiwal v Mid Is. Mortg. Corp.*, 555 F3d 298, 302 [2d Cir 2009]. That standard is not remotely met here. Discovery remains ongoing through October 2026, and Plaintiff has not identified any prejudice. This is a routine discovery disagreement, not sanctionable conduct, nor one where an award of attorney's fees is appropriate. Plaintiff's sanctions request appears designed to escalate a routine discovery dispute rather than remedy any actual misconduct. The proper result is not sanctions, fee-shifting, or any adverse inference, but denial of Plaintiff's motion in its entirety and, to the extent necessary, completion of discovery in the ordinary course under the existing scheduling order. The request for permission to reply should likewise be denied.

We thank the Court for its time and consideration.

Respectfully submitted,

TO: ***All parties via ECF***.